## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ALPHARETTA FAMILY SKATE CENTER, LLC, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| v. | ) ) | FILE NO.: |
| HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY, | ) ) ) ) | [on removal from State Court of Fulton County Case No. 19EV003783] |
| Defendant. | ) | |

## DEFENDANT HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY'S NOTICE OF REMOVAL

COMES NOW Defendant Hartford Steam Boiler Inspection and Insurance Company (hereinafter "Defendant" or "HSB"), by and through the undersigned counsel, appearing specially as service of process has not been completed upon Defendant, and within the time prescribed by law, files a Notice of Removal of this action from the State Court of Fulton County, State of Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, showing this Honorable Court as follows:

1.

On July 19, 2019, Plaintiff filed the instant lawsuit against Defendant in the State Court of Fulton County, Georgia (Case No. 19EV003783).   In accordance with 28 U.S.C. § 1446, a copy of all process, pleadings and orders filed in such action have been attached hereto as **Exhibit A**.

2.

Plaintiff purported to serve Defendant with the Summons and Complaint on July 23, 2019.   (**Exhibit B**, Affidavit of Service).   As set forth in Defendant's Special Appearance Answer and Defenses, service has not been completed upon Defendant.   Nonetheless, Defendant is removing this action within thirty (30) days of the purported service on July 23, 2019.   This Notice of Removal is also filed within one year of the commencement of the action.   Thus, removal is timely under 28 U.S.C. § 1446(b).

3.

Plaintiff is a limited liability company organized under the laws of the State of Georgia with its principal place of business in Georgia.

4.

Defendant is a foreign corporation organized under the laws of the State of Connecticut with its principal place of business in Connecticut.

5.

Complete diversity of citizenship exists between the parties to this action in accordance with 28 U.S.C. § 1332(a)(1).

6.

Plaintiff's Complaint seeks recovery of insurance proceeds allegedly owed under a policy of insurance for a property loss arising from an apparent glycol leak in the heating system for one of the ice rinks at Plaintiff's ice skating facility. See generally, Complaint.

7.

For jurisdiction to be proper under 28 U.S.C. § 1332, the amount in controversy must exceed $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a). Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010); Rowe v. U.S. Bancorp, 569 Fed. Appx. 701, 703 (11th Cir. 2014); Ray v. GPR Hospitality, LLC, 2015 U.S. Dist. LEXIS 103615, *9-11 (N.D. Ga. Aug. 7, 2015). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the

case was removed." Pretka, 608 F.3d at 754. When determining if the defendant has satisfied its burden to establish jurisdiction by a preponderance of the evidence, the court may consider facts alleged in the notice of removal, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied (i.e., affidavits, declarations or other documentation). Id. at 754-755.

8.

Prior to filing the instant lawsuit, Plaintiff provided to Defendant two competing estimates for the repairs to the ice rink. The first estimate is from All Star Arenas for $470,000. The second estimate is from Reward Construction Ltd. for $545,000. The Insured also provided an estimate for new board and glass for $176,000. All three estimates are attached hereto as **Exhibit C**. Plaintiff's claimed damages, by preponderance of the evidence, are in excess of $75,000.00. As such, the amount in controversy requirement under 28 U.S.C. § 1332(a) is satisfied.

9.

Defendant, as required by 28 U.S.C. § 1446(d), has given notice of this removal to both Plaintiff and the State Court of Fulton County, Georgia. A copy of said Notice is attached as **Exhibit D**.

10.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000.00 (exclusive of interest and costs).  Further, as required by 28 U.S.C. § 1441(b), Defendant is not a citizen of the State of Georgia.  Accordingly, removal of this case to this Court is proper under 28 U.S.C. § 1441.

11.

Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the action was originally filed in the State Court of Fulton County, State of Georgia, which lies within the United States District Court for the Northern District of Georgia, Atlanta Division.  28 U.S.C. § 90(a)(2).


WHEREFORE, Defendant prays that the State Court of Fulton County, State of Georgia, proceeds no further and that the suit be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

This 21st day of August, 2019.

Respectfully submitted,

SWIFT, CURRIE, McGHEE & HIERS

/s/ Christy Maple
Michael H. Schroder
Georgia Bar No. 630075
Christy M. Maple
Georgia Bar No. 240807
*Attorneys for Defendant*

1355 Peachtree St., N.E.
Suite 300
Atlanta, GA 30309-3238
(404) 874-8800
Mike.Schroder@swiftcurrie.com
Christy.Maple@swiftcurrie.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the foregoing **DEFENDANT HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY'S NOTICE OF REMOVAL,** with the Clerk of Court by e-filing same using the CM/ECF System, which will send notification to the following attorneys of record:

James J. Leonard
Abby Vineyard
Barnes & Thornburg, LLP
3475 Piedmont Road
Suite 1700
Atlanta, Georgia 30305
jim.leomard@btlaw.com
abby.vineyard@btlaw.com
*Attorneys for Plaintiff*

This 21st day of August, 2019.

SWIFT, CURRIE, McGHEE & HIERS

*/s/ Christy Maple*
Michael H. Schroder
Georgia Bar No. 630075
Christy M. Maple
Georgia Bar No. 240807
*Attorneys for Defendant*

1355 Peachtree St., N.E.
Suite 300
Atlanta, GA 30309-3238
(404) 874-8800
Mike.Schroder@swiftcurrie.com
Christy.Maple@swiftcurrie.com