IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALPHARETTA FAMILY SKATE CENTER, LLC, <br><br> Plaintiff, <br><br> v. <br><br> HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY, <br><br> Defendant. | CIVIL ACTION FILE <br><br> NO. 1:19-CV-3769-MHC |

**ORDER**

On July 19, 2019, Plaintiff Alpharetta Family Skate Center, LLC brought a Complaint for breach of contract and bad faith denial of insurance coverage against Defendant Hartford Steam Boiler Inspection and Insurance Company ("HSB") in the State Court of Fulton County, Georgia. Compl. [Doc. 1-1]. HSB removed the Complaint to this Court on August 21, 2019. Notice of Removal [Doc. 1]. The basis for removal to this Court is alleged diversity of citizenship between the parties. Id. ¶ 5. HSB asserts that Plaintiff is a Georgia limited liability company with its principal place of business in Georgia and that HSB is a foreign

corporation organized under the laws of Connecticut with its principal place of business in Connecticut. Id. ¶¶ 3-4.

Because HSB failed to provide the citizenship for each member of Plaintiff, a limited liability corporation, this Court issued an order on August 23, 2019, that HSB show cause why this case should not be remanded to the State Court of Fulton County due to lack of subject matter jurisdiction [Doc. 4]. In response to that Order, HSB states that when it removed the case to this Court, it "had a good faith belief for doing so" even though it was unaware of the citizenship of the members of Plaintiff. Def.'s Resp. to the Court's Aug. 23, 2019 Order [Doc. 7] at 1. After the issuance of this Court's Order, HSB's counsel asked Plaintiff's counsel to provide information regarding the citizenship of its members, which Plaintiff's counsel declined to provide. Id. at 2-3 & Ex. A. HSB contends that "it is not in the issuance of judicial efficiency to remand this case to the State Court of Fulton County, where HSB intends to conduct discovery on Plaintiff's members and remove this case again upon receipt of information showing that diversity of citizenship exists." Id. at 3.[1]

---

[1] This Court points out that once an action is remanded to the state court, a defendant is precluded from seeking a second removal upon the same grounds as the first removal. Watson v. Carnival Corp., 436 F. App'x 954, 955 (11th Cir. 2011). "The prohibition against removal 'on the same ground' does not concern the theory on which federal jurisdiction exists (i.e., federal question or diversity

2

Nothing in HSB's response indicates that it can sustain its burden to show that the parties in this action are diverse. Indeed, HSB removed the case to this Court without attempting to determine whether the parties were completely diverse. "Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1050 (11th Cir. 2001) (citation omitted). Defendant has the burden to prove complete diversity. See Leonard v. Enter. Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002) ("A removing defendant bears the burden of proving proper federal jurisdiction."). "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

"Diversity jurisdiction exists over a controversy between citizens of different states." McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002) (citing 28

---

jurisdiction), but rather the pleading or event than made the case removable." Id. at 956 (quoting S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 492 (5th Cir. 1996)). Thus, "[a] defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition when subsequent pleadings or events reveal a new and different ground for removal . . . ." Id. (quoting S.W.S. Erectors, 72 F.3d at 492) (internal quotation marks omitted; emphasis in original).

U.S.C. § 1332(a)). "For the purpose of determining diversity jurisdiction, a limited liability company is a citizen of any state in which a member of its company is a citizen." Flintlock Constr. Servs., LLC v. Well-Come Holdings, LLC, 710 F.3d 1221, 1224 (11th Cir. 2013). "To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (emphasis added).

HSB's assertion in its Notice of Removal that "Plaintiff is a limited liability corporation organized under the laws of the State of Georgia with its principal place of business in Georgia" (Notice of Removal ¶ 3) is insufficient to establish Plaintiff's citizenship. See Thermoset Corp. v. Bldg. Materials Corp. of Am., 849 F.3d 1313, 1316 (11th Cir. 2017) (emphasis added) (quoting id.) ("Specifically, because 'a limited liability company is a citizen of any state of which a member of the company is a citizen,' the pleadings were required (but failed) to provide the citizenship of each member of [the limited liability company]."); see also Underwriter's at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1092 (11th Cir. 2010) (alterations accepted, citation omitted) ("[T]he record does not disclose the identity, let alone the citizenship, of the Names involved in the case. And

without knowledge of that citizenship, it is impossible to say that complete diversity exists.").

Accordingly, because HSB has failed to sustain its burden to show that the parties in this action are diverse, and the only purported ground of federal court jurisdiction is diversity of citizenship, this Court lacks subject matter jurisdiction over this action. Consequently, it is hereby **ORDERED** that this case is **REMANDED** to the State Court of Fulton County.

**IT IS SO ORDERED** this 18th day of September, 2019.

_____
MARK H. COHEN
United States District Judge